## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:05CV00035** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **GAIL PAGE** | : | **PLAINTIFFS** |
| | : | |
| **v.** | : | |
| | : | |
| **NOVARTIS PHARMACEUTICALS** | : | **DEFENDANTS** |
| **CORPORATION** | : | |

## ORDER

Pending is Defendant's Motion to Dismiss for Failure to Timely Substitute Legal Representative of Deceased Party (Doc. No. 10).  Plaintiff has responded.[1]

### I.      BACKGROUND

Plaintiff Gail Page filed her Complaint on July 28, 2004, in the Western District of New York,[2] and on January 10, 2005, the case was transferred to this MDL.  Plaintiff died on July 10, 2005. Novartis filed a Suggestion of Death on August 8, 2006,[3] and a Supplemental Suggestion of Death on September 17, 2008.[4]  On December 17, 2008, Plaintiff filed her Short-Form Complaint on Behalf of Decedent Plaintiff.

On January 6, 2009, Novartis filed a Motion to Dismiss, asserting that this case should be dismissed because Plaintiff failed to comply with Federal Rule of Civil Procedure 25.

---

[1]Doc. No. 16.

[2]*Page v. Novartis Pharmaceuticals Corp.*, No. 1:04-CV-00562-RJA (W.D.N.Y. filed July 28, 2004).

[3]Doc. No. 3.

[4]Doc. No. 5.

## II.    DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure directs that if a plaintiff dies while her case is pending (and the case "is not extinguished"), a motion for substitution of must be made by the decent's successor or representative.  If this is not done "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Despite the apparent mandatory nature of "must be dismissed," the Eighth Circuit has held that "Rule 6(b) authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed when the failure to file the motion was the result of excusable neglect."[5]

When analyzing "excusable neglect," a court should consider the following: (1) "the danger of prejudice" to the party seeking dismissal; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay"; and (4) whether the delaying party "acted in good faith."[6]  "The determination is at bottom an equitable one . . . ."[7]

Plaintiff's counsel "concedes that they lost track of the deadline to substitute parties which led to a two-year delay."[8]  However, Plaintiff asserts that this neglect is excusable because Defendant will not be prejudiced, the length of delay has no impact on the proceedings, and Plaintiff acted in good faith to remedy the delay once it was discovered.  I agree.

---

[5]*Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005).

[6]*Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 396 (1993).

[7]*Id.*

[8]Doc. No. 16.

**CONCLUSION**

Because the equities weigh in favor of Plaintiff,  Defendant's Motion to Dismiss for

Failure to Timely Substitute Legal Representative of Deceased Party (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 10th day of February, 2009.

/s/ Wm. R. Wilson, Jr.
 UNITED STATES DISTRICT JUDGE